124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alicia MACIAS; Lucio Macias; Gavino Macias; Azucena
Macias; Felipe Macias; and Jury Macias, minors by and
through their Guardian Ad Litem, Alicia Macias, and The
Estate of Antonio Barajas Macias, by and through Alicia
Macias, Administratrix, Plaintiffs-Appellants,
v.
CITY OF LAS VEGAS; Las Vegas Metropolitan Police
Department; Officer Oscar Chavez; Officer James
Siwy; Officer Scott Kavon; and Sheriff
John Moran, Defendants-Appellees.
 No. 96-16001.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted on July 17, 1997.
Decided Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the District of Nevada, No. CV-S-93-06-DWH (RLH); David W. Hagen, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 The Estate of Antonio Barajas Macias ("Macias") and his survivors brought suit under 42 U.S.C. § 1983 against the City of Las Vegas, Nevada, the Las Vegas Metropolitan Police Department ("LVMPD") and two of its officers, alleging violations of the decedent's Fourth Amendment rights and of the survivors' substantive due process rights to the decedent's continued companionship and society. The district court granted the defendants' motion for summary judgment and dismissed the case. We affirm.
 
 
 5
 We review a district court's grant of summary judgment de novo. Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996). The plaintiffs submit that in dismissing their suit, the district court erred by limiting its Fourth Amendment "reasonableness" inquiry to those facts immediately surrounding Officer Chavez's use of deadly force and by not taking into consideration the events leading up to the shooting.
 
 
 6
 Under the Fourth Amendment, the police may only use such force as is "objectively reasonable under the circumstances." Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396, 109 S.Ct. at 1872. Moreover, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Id. at 396-97, 109 S.Ct. at 1872.
 
 
 7
 The use of deadly force is reasonable only if "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Scott v. Henrich, 39 F.3d 912, 914 (9th Cir.1994), cert. denied, 515 U.S. 1159, 115 S.Ct. 2612 (1995). Recently, this court has held that "a claim of excessive force may be based on a showing that officers used excessive force in creating the situation which caused (the deceased) to take the actions he did." Reynolds, 84 F.3d at 1169. However, the Reynolds court explained that such a claim must still be "analyzed under the reasonableness standard." Id.
 
 
 8
 In the case sub judice, the "totality of the circumstances "--including those attendant to, and preceding, the shooting--indicates that Officer Chavez's use of deadly force was reasonable. A priority call went out via police radio following a "911" call concerning fighting outside the caller's apartment. Officers Chavez and Siwy responded and reached the scene of the reported disturbance within minutes. A concerned neighbor directed them to the Maciases' apartment. Officer Kavon arrived, and the three officers approached the Maciases' front door. Up until this point, it had been a routine patrol call, and the officers had no extraordinary reason to fear for their safety. They could hear loud, argumentative voices from inside the apartment. Officer Chavez knocked on the door--not for the purposes of forcefully entering the apartment to execute a search, but rather to inquire about the complaint of fighting. There was no reply. Amid the crescendoing voices, the officers could hear someone in Spanish order the apartment's occupants to move to the back of the room. Concerned, Officer Chavez knocked louder--this time with his foot. Suddenly there was silence, and Officer Chavez could hear the distinctive sound of a magazine being inserted into a rifle and a round being chambered. Alarmed and sensing the approach of someone inside the apartment towards the door, Officer Chavez called out "413 "--police code indicating the approach of an armed individual--and the officers fled in separate directions. Officer Chavez found himself against a wall without cover when the door opened. An individual armed with what looked like an M16 assault rifle emerged from the apartment, turned in his direction, and fired at least twice. Fearing for his life, Officer Chavez fired back with his 9mm pistol and fled around the corner.
 
 
 9
 It cannot fairly be said that the officers "unreasonably created a situation in which the use of deadly force was justified." Other than the fact that a "fight had taken place between two Latino males and a window had been broken," the officers had no knowledge of any of the events that had transpired before their arrival at the scene. They had no way of knowing that Macias was intoxicated and bent on defending his family at all costs and with deadly force against further harassment by the brick-throwing vandals. Rather, the officers were investigating a routine fighting call in a reasonable manner when unforeseeable circumstances, came together and led to a "shoot situation." When confronted with hostile and unprovoked gunfire, Officer Chavez responded with deadly force. This use of force was necessary to defend himself from serious injury and/or death.
 
 
 10
 The plaintiffs' argument that Officers Siwy and Kavon are liable under section 1983 for failing to take reasonable steps to protect Macias is unavailing for the same reasons. Although they were present, the evidence shows that they were not in a position to prevent the "shoot situation." At the critical moment, Officers Siwy and Kavon were scurrying for cover. There is no evidence that they took any actions prior to the shooting that unreasonably "escalated the circumstances" or otherwise contributed to Macias's death.
 
 
 11
 As established above, officer Chavez's use of deadly force was reasonable under the circumstances. Therefore, the plaintiffs claims against the LVMPD must fail as well. See Scott, 39 F.3d at 916. Moreover, under the standards set forth in Graham, 490 U.S. 386, 109 S.Ct. 1865 (1989), Cunrow v. Ridgecrest Police, 952 F.2d 321 (9th Cir.1991), and Reynolds, 84 F.3d at 1169, neither Macias's wife nor her six children have a substantive due process claim against the defendants for their loss of consortium.
 
 
 12
 Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 **
 The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3